1  BILL LOCKYER
   Attorney General
2  JAMES HUMES
   Senior Assistant Attorney General
3  DOUGLAS PRESS, (SBN 168740)
   Supervising Deputy Attorney General
4  TERESA STINSON, (SBN 154381)
   Deputy Attorney General
5  SUZANNE GIORGI, (SBN 114496)
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5549; 703-5540
     Fax: (415) 703-5480
8    Email: Douglas.Press@doj.ca.gov
     Email: Teresa.Stinson@doj.ca.gov
9    Email: Suzanne.Giorgi@doj.ca.gov

10 LINDA A. CABATIC, (SBN 087483)
   General Counsel
11 DANIEL G. STONE, (SBN 072837)
   Assistant General Counsel
12 MICHAEL E. HERSHER, (SBN 084135)
   Deputy General Counsel
13 AMY BISSON HOLLOWAY, (SBN 163731)
   Deputy General Counsel
14 California Department of Education
   721 Capitol Mall, Room 552
15 P.O. Box 944272
   Sacramento, CA 94244-2720
16   Telephone: (916) 657-2453
     Fax: (916) 657-3844

17

   Attorneys for Defendants
18
                 IN THE UNITED STATES DISTRICT COURT
19
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
20

21  | **JULEUS CHAPMAN, *et al.*,** | **Case No. C01 1780 CRB** |
22  | Plaintiffs-Appellees, | **STATE DEFENDANTS NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RESOLUTION OF NINTH CIRCUIT APPEAL** |
23  | v. | |
24  | **CALIFORNIA DEPARTMENT OF EDUCATION, DELAINE EASTIN, and CALIFORNIA STATE BOARD OF EDUCATION, *et al.*,** | |
25  | | Hearing: To Be Determined |
26  | Defendants-Appellants. | Time: To Be Determined Courtroom: C, 15th Floor |

27

28

   Chapman v. CDE  Defs' Notice of  Motion  & Motion to Stay Discovery...        Case No. C01-1780 CRB

**NOTICE**

Please take notice that as scheduled by the Court on _____, 2002 at _____, in Courtroom C of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants California Department of Education, State Superintendent of Public Instruction, and State Board of Education will and hereby do move for an order staying all discovery in this action until resolution of the pending Appeal before the Ninth Circuit Court of Appeals. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations of Douglas Press and Teresa Stinson, the pleadings and documents on file in this action, and upon such oral argument as may be heard by the court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

This case is a class action against the California Department of Education, the Superintendent of Public Instruction, and the State Board of Education (collectively "the State"). Plaintiffs challenge the State's implementation of the California High School Exit Examination (CAHSEE or Exit Exam).[1]

On February 21, 2002, Judge Charles Breyer issued a preliminary injunction order denying plaintiffs request to enjoin the administration of the Spring 2002 CAHSEE, yet finding, among other things, that plaintiffs had standing, the case was ripe for review, plaintiffs need not exhaust administrative remedies, the State's accommodations and modifications policy for the CAHSEE likely violated the IDEA, and that the State must provide an alternate assessment to the CAHSEE. (Declaration of Teresa L. Stinson (Stinson Decl.), Exh. 1.)  On March 19, 2002, the State appealed this order in its entirety to the Ninth Circuit Court of Appeals.  Pursuant to Federal Rules of Appellate Procedure, Ninth Circuit Rule 3-1, the Ninth Circuit is considering

_____

1. The CAHSEE was administered for the first time on a voluntary basis in Spring 2001, and for the first time on a mandatory basis in Spring 2002.  No student is required to pass the Exit Exam as a condition of graduation until at least 2004.  (Cal. Educ. Code § 60851(a), (b).)  Furthermore, the Exit Exam requirement may be postponed to a later date depending on the outcome of statutorily mandated study of the CAHSEE.  (Cal. Educ. Code §§ 60857, 60859.)

Chapman v. CDE  Defs' Notice of  Motion  & Motion to Stay Discovery...          Case No. C01-1780 CRB

1   the State's Preliminary Injunction Appeal on an expedited schedule.  Briefing of the Appeal was

2   completed on June 28, 2002, and oral argument is scheduled to take place at 9:00 a.m. on August

3   14, 2002.  (Stinson Decl., para. 2.)

4           Despite the Appeal's implications for all aspects of this case, and the fact that the

5   Appeal is likely to be decided very shortly, plaintiffs have continued to seek discovery during the

6   pendency of the appeal.  While the State Defendants were preparing their opening Appellants'

7   Brief, plaintiffs demanded three (3) depositions with production of documents (two from non-

8   party witnesses and one from the California Department of Education), and served two (2)

9   additional written document requests.  Following a number of meet and confers, plaintiffs

10  ultimately agreed to withdraw their deposition demands until after the resolution of the Appeal,

11  the State produced certain non-privileged documents in response to the document requests, and

12  the parties agreed to postpone any disputes regarding discovery until after the Ninth Circuit

13  Appeal was resolved. (Decl. of Douglas Press (Press Decl.), para. 2-5; Stinson Decl., para. 3-6.)

14          Most recently, on June 13, 2002, the day before State Defendants were to begin

15  preparing Appellants' Reply Brief, plaintiffs noticed the deposition of the California Department

16  of Education (CDE) employee most knowledgeable regarding the designation of spell checkers

17  and transcribers as modifications on the written essay portion of the CAHSEE.  The parties have

18  met and conferred in person, but continue to disagree about the propriety of such a deposition

19  and other discovery before the Ninth Circuit Appeal has been decided.  The parties agreed to

20  resolve this issue by having the State file this motion to stay discovery.

21          The State Defendants respectfully request that all discovery in this action be stayed

22  until after the Ninth Circuit Appeal has been fully resolved.  The Appeal concerns the key

23  aspects of this case, including accommodations, modifications, and alternate assessments to the

24  CAHSEE.  It also includes the global issues of whether plaintiffs' claims are ripe for judicial

25  review at all, whether they have standing to pursue their claims, and whether their failure to

26  exhaust the IDEA's extensive administrative remedies barred the court from considering their

27  claims.  Accordingly, there is no jurisdiction for discovery because jurisdiction was transferred

28  from the trial court to the Ninth Circuit on these all-encompassing issues when the Appeal was

1 filed. Plaintiffs also may not depose CDE during the Appeal because they have failed to satisfy

2 Federal Rule of Civil Procedure 27(b), which requires that plaintiffs affirmatively move and

3 demonstrate that deposition pending appeal is necessary to perpetuate testimony. Finally,

4 because resolution of the Appeal may substantially impact the matters at issue in this case, and in

5 turn significantly change the need or alter the scope of legitimate discovery, a temporary stay of

6 discovery is appropriate and necessary to avoid the wasteful use of state and judicial time and

7 resources.

8 <center>**II. FACTUAL BACKGROUND**</center>

9    **A. Plaintiffs' Previous Discovery Request**

10       Plaintiffs first filed this action on May 8, 2001, and filed an amended complaint on

11 December 10, 2001. Since the filing of this action, plaintiffs obtained extensive discovery from

12 the State Defendants, including Initial Disclosures; depositions of three California Department of

13 Education employees most knowledgeable regarding development and implementation of the

14 CAHSEE, accommodations policies for the CAHSEE, and other aspects of the CAHSEE;

15 deposition of State Board of Education member Joe Nunez; deposition of the Superintendent of

16 Public Instruction Delaine Eastin; responses to two sets of interrogatories, two sets of original

17 and revised requests for admission, and three sets of requests for documents; and production of

18 over 12,500 documents by the State. In January, February, and March 2002, plaintiffs also

19 expressed the desire to depose the publisher of the CAHSEE (AIR), and the independent

20 evaluator of the CAHSEE (HumRRO). Although Defendants consented to a number of dates for

21 these depositions, plaintiffs decided not to pursue the depositions at that time. (Stinson Decl.,

22 para. 1)

23       The district court issued a preliminary injunction order on February 21, 2002, and

24 Defendants filed a Notice of Appeal on March 19, 2002. This matter was set on an expedited

25 briefing schedule under Ninth Circuit Rule 3-1, with Defendants' opening Brief filed on May 17,

26 2002, plaintiffs' Brief filed on June 14, 2002, Defendants' Reply Brief filed on June 28, 2002,

27 and oral argument scheduled on August 14, 2002. (Stinson Decl., para 2.)

28       In early April 2002, soon after Defendants' Notice of Appeal was filed, plaintiffs

1 │ stated that they then intended to depose AIR, HumRRO, and Alice Parker, CDE Director of

2 │ Special Education.  On April 8, 2002, plaintiffs served Defendants with two additional requests

3 │ for production of documents.  On or about April 18, 2002, plaintiffs served deposition subpoenas

4 │ on AIR and HumRRO.  Although Defendants desired discovery from plaintiffs, Defendants did

5 │ not pursue it because discovery is not appropriate during this Appeal.  (Stinson Decl., para. 3.)

6 │ **B.    Prior To Filing This Motion, The State Attempted To Informally
    │         Resolve Discovery Issues with Plaintiffs**

7 │

8 │ Following numerous meet and confers, by telephone, in writing, and in person, Defendants

9 │ believed that the issue of discovery during the Appeal had been resolved.  Specifically, plaintiffs

10 │ agreed to delay the depositions of Alice Parker (CDE Director of Special Education), AIR, and

11 │ HumRRO until *after* the resolution of the Ninth Circuit Appeal.  Defendants produced non-

12 │ privileged discovery in response to plaintiffs' document demands, specifically including discovery

13 │ related to Defendants' compliance with the preliminary injunction order.   In addition, the parties

14 │ agreed to defer any related discovery disputes until *after* resolution of the Appeal.  On May 24,

15 │ 2002, Defendants re-iterated their request to stay discovery pending the Appeal.  Plaintiffs did not

16 │ respond to this request, nor did they immediately seek additional discovery.  (Press Decl., 3-5,

17 │ Stinson Decl. 4-6.)

18 │ On June 7, 2002, the parties appeared before Judge Breyer for a status conference, as

19 │ ordered by the preliminary injunction order.  No trial date or other procedural deadlines were

20 │ scheduled at the conference.  Instead, Judge Breyer recognized the value of waiting for the Ninth

21 │ Circuit's decision on the Appeal of the Preliminary Injunction Order before proceeding further with

22 │ this case, and indicated that plaintiffs  should delay further procedural actions until after the Appeal

23 │ had been decided.[2/]

24 │ On June 13, 2002 (the day before plaintiffs served their Appellees' Brief), plaintiffs faxed

25 │ a Notice of Deposition and request for documents for the California Department of Education

26 │

27 │

28 │ 2.  The Transcript of the June 7, 2002 status conference has been ordered and will be
    │ available shortly.

Chapman v. CDE  Defs' Notice of  Motion  & Motion to Stay Discovery...          Case No. C01-1780 CRB

1   employee most knowledgeable regarding the designation of spell checkers and transcribers as

2   modifications on the written essay portion of the CAHSEE.  (Press Decl., Exh. 2.)  The parties

3   exchanged correspondence on this issue, and ultimately met in person on July 10, 2002.  During this

4   meeting, plaintiffs refused to consider deferring the CDE deposition until after the Appeal.

5   Plaintiffs' counsel was unable to articulate any specific reason for an immediate deposition other

6   than asserting that he "wanted" the deposition, that discovery was his "right", and that his clients

7   were being harmed by the State's determination that spell-checkers and transcribers were

8   modifications, even though no CAHSEE administration was  imminent and students would be able

9   to use these modifications on the CAHSEE in any event.  Plaintiffs' counsel also was unable to give

10  any specific explanation as to why the deposition was urgent, even though plaintiffs *had already*

11  *agreed to postpone other depositions and discovery issues until after resolution of the Appeal*.

12  (Press Decl., para. 7-10.)

13          Neither plaintiffs' Deposition Notice of CDE nor any additional discovery are  appropriate

14  at this time.  Defendants have been unable to reach agreement with plaintiffs on a temporary stay

15  of discovery during the pendency of the expedited Ninth Circuit Appeal.  Accordingly, Defendants

16  seek an order staying plaintiffs' Deposition Notice of CDE and temporarily staying all further

17  discovery in this case until the Ninth Circuit issues its expedited decision.

18                                    **III.  ARGUMENT**

19      **A.    Pending Appeal, the District Court Lacks Jurisdiction Over this Matter and
              Plaintiffs Therefore Have No Basis to Pursue Further Discovery at this Time**
20

21          In general, filing of a timely notice of appeal transfers jurisdiction to the circuit court and

22  "divests the district court of control over those aspects of the case involved in the appeal."

23  *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *see also Griggs*

24  *v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("filing of a notice of appeal is an

25  event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the

26  district court of its control over those aspects of the case involved in the appeal.")  Furthermore, "a

27  federal district court and a federal court of appeals should not attempt to assert jurisdiction over a

28  case simultaneously." *Griggs*, 459 U.S. at 58.  This judicially created doctrine is designed to

1   promote judicial economy and avoid confusion and inefficiency.  While the doctrine is not absolute,

2   none of the exceptions to this general rule apply here.  Accordingly, discovery in this action may

3   not proceed during the pendency of the Appeal.

4          The district court's February 21, 2002 preliminary injunction order specifically

5   encompasses the State's policy on accommodations and modifications for the CAHSEE.  It also

6   encompasses the ripeness of plaintiffs' accommodations and other claims, their standing to bring

7   claims at all, and the district court's jurisdiction to consider plaintiffs' claims despite their failure

8   to exhaust federally mandated administrative remedies.  (Stinson Decl., Exh. 1.)  Thus, plaintiffs'

9   most recent attempt to depose CDE on the accommodations/modifications issue concerns matters

10  implicated by the Appeal and for which there is no jurisdiction to proceed in district court.

11         In addition to plaintiffs' specific deposition demand, any further discovery in this case is

12  inappropriate until resolution of the Appeal.  As noted above, defendants have produced discovery

13  related to its compliance with the preliminary injunction order.  (Stinson Decl., para. 6.)  Here, the

14  fundamental issues of ripeness, standing, and exhaustion of administrative remedies are squarely

15  before the Ninth Circuit, and these issues encompass *all* aspects of plaintiffs' complaint.  There is

16  therefore no jurisdiction for any additional discovery at this time.

17     **B.   Plaintiffs May Not Depose CDE During the Appeal Because They Have
            Failed to Satisfy the Requirements of Federal Rule of Civil Procedure 27(b)**
18

19         Plaintiffs cannot establish an exception to the jurisdictional rule discussed above.  Even

20  if they could, plaintiffs would first need to affirmatively move for leave to take the depositions,

21  showing the names and addresses of persons to be examined, the substance of the testimony the

22  party expects to elicit from each, and most importantly, why such testimony *must be perpetuated*

23  *to avoid a failure or delay of justice.*  Fed. R. Civ. P. 27(b).  Plaintiffs have made no such motion,

24  nor can they show that the deposition they seek must proceed during the appeal in order to

25  perpetuate testimony or avoid injustice.  Their June 13, 2002 Deposition Notice is therefore wholly

26  ineffective and invalid, as are any future deposition attempts absent an affirmative showing under

27  Rule 27(b).         At most, plaintiffs' demand for immediate deposition of CDE during the Appeal

28  is premised on their erroneous assertion that the designation of spell checkers and transcribers as

1   modifications (rather than accommodations) somehow represents a "new" or "radical" change in

2   State policy.   This assertion does not satisfy the requirements of Rule 27(b) and is wholly

3   unfounded.            The State's policy for designating accommodations and modifications was

4   created and adopted in October and November 2001 and specifically provided for ongoing guidance

5   and decision making by the State.  (5 Cal. Code Regs § 1217(d) and 1218, attached as Exhibit 4 to

6   Stinson Decl.)  Plaintiffs and their own experts recognized in October 2001 that spell checkers were

7   not expected to be accepted as "accommodations" on the CAHSEE.  (See Declarations filed on or

8   about November 8, 2001 by Dr. Kay Runyan at p. 6, Dr. Susan Vogel at p. 4, and Jo Behm at p. 2,

9   attached as Exhibit 6 to Stinson Decl.)  Furthermore, on January 23 and February 1, 2002 (prior to

10  the issuance of the district court's February 21, 2002 preliminary injunction order) CDE confirmed

11  that transcribers were modifications, rather than accommodations, on the written essay portion of

12  the CAHSEE only. (Stinson Decl., Exh. 5.)  Thus, in addition to lacking jurisdiction and constituting

13  an inefficient and wasteful use of state and judicial resources, plaintiffs' underlying premise for

14  seeking immediate discovery is fundamentally flawed.

15          Regardless of how plaintiffs may characterize the State's implementation of its pre-

16  existing policy, plaintiffs have never demonstrated how or why discovery on this discrete

17  accommodations/modifications issue is immediately necessary during pendency of the expedited

18  Appeal at all, let alone that it is necessary to perpetuate testimony which would otherwise be lost.

19  (Press Decl., para 9-10.)  See *Ash v. Cort*,  512 F.2d 909, 912-13 (3rd Cir. 1975) (Rule 27 available

20  only in special circumstances where necessary to prevent testimony from being lost).

21      **C.   A Temporary Stay of Discovery is Warranted to Promote Judicial
             Economy**

22

23          Finally, Federal Rule of Civil Procedure 26 and the federal common law provide yet

    another basis for this court to stay discovery.  Rule 26(c) provides that the court "may make any
24
    order which justice requires to protect a party or person from annoyance, embarrassment,
25
    oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  "The district court has considerable
26
    latitude under Fed. R. Civ. Pro. 26(c) to craft protective orders during discovery." *Gray v. First*
27
    *Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.Cal. 1990).  Furthermore, the "court has broad discretion
28

1    and inherent power to stay discovery until preliminary questions that may dispose of the case are

2    determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); see also *Diduck v. Kaszycki &*

3    *Sons Contractors Inc.*, 147 F.R.D. 60, 62 (S.D.N.Y. 1993) (temporary stay appropriate as "an

4    anticipated short stay will not sidetrack the litigation.")

5          A temporary stay of discovery is fully warranted in order to avoid the wasteful use of state

6    and judicial resources. The Ninth Circuit's ruling may significantly change the substance and scope

7    of issues before the district court.  Thus, until the Ninth Circuit rules, it is impossible to determine

8    which, if any, discovery will be legitimate or proper.  Even during the status conference on June 7,

9    2002, Judge Breyer specifically recognized the value of obtaining the Ninth Circuit's decision before

10   proceeding further in this case.

11         Because of the pendency of the appeal, no trial date, no discovery plan, and no other

12   procedural deadlines have been scheduled in the district court.  Plaintiffs therefore will have ample

13   time to pursue discovery, if warranted, after the resolution of the Appeal.  In contrast, proceeding

14   with discovery now will require the diversion of judicial resources and time to matters which may

15   be wholly unnecessary and irrelevant following the Ninth Circuit's decision.  *SeeUnited States v.*

16   *County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y 1999) (granting a stay to avoid "diversion of

17   employees' time and attention" to potentially unnecessary discovery).  It also would force

18   defendants "to fight a 'two front war' for no good reason." *Shewchun v. United States*, 797 F.2d

19   941, 942 (11th Cir. 1986) ("filing of an appeal of virtually any sort acts to freeze all proceedings in

20   the district court pending resolution of the appeal.").

21         Presently, plaintiffs seek to depose the California Department of Education on July 29,

22   2002, mere weeks before the August 14, 2002 oral argument in the Ninth Circuit.  Not only does this

23   schedule create an unnecessary burden when the deposition may well be moot, it also diverts the

24   State from preparing for oral argument and from focusing on other matters of public importance.

25   The issues pending before the Ninth Circuit are complex and should be resolved before continuing

26   with discovery. "The interests of fairness, economy and efficiency therefore favor the issuance of

27   a stay of discovery at this time." *United States v. County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y

28   1999).

Chapman v. CDE  Defs' Notice of  Motion  & Motion to Stay Discovery...        Case No. C01-1780 CRB

### IV.   CONCLUSION

After demanding depositions while defendants were preparing their opening Appellants' Brief, plaintiffs ultimately acknowledged that such discovery and any related disputes could and should wait until after resolution of the State's Appeal.  After filing their own Appellees' Brief, plaintiffs then demanded additional discovery on an issue for which there has been no showing of urgent need, and no satisfaction of Federal Rule of Civil Procedure 27(b).  Neither plaintiffs' instant deposition demand nor other discovery is warranted or appropriate until the Ninth Circuit decision issues because: (1) the Ninth Circuit Appeal implicates all of the claims in this action and there is therefore no jurisdiction in the district court to pursue discovery; (2) there is no imminent need for discovery; and (3) the appellate decision may significantly change the substance and scope of this action and any resulting discovery therefrom.  By Circuit Court Rule, the Appeal is on an expedited schedule, has been fully briefed, and will be heard in a matter of weeks.  Furthermore, there is no trial date, motion deadline, or other impending deadline which would create the need for immediate discovery.

Accordingly, State Defendants respectfully request an order staying plaintiffs' Deposition Notice of CDE and temporarily staying all discovery until resolution of the Ninth Circuit Appeal.

Dated:  July 18, 2002

Respectfully submitted,

BILL LOCKYER
Attorney General

JAMES M. HUMES
Senior Assistant Attorney General

DOUGLAS M. PRESS
Supervising Deputy Attorney General

SUZANNE GIORGI
Deputy Attorney General


_____/s/_____
TERESA STINSON
Deputy Attorney General

Attorneys for Defendants

Chapman v. CDE  Defs' Notice of  Motion  & Motion to Stay Discovery...          Case No. C01-1780 CRB