UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULEUS CHAPMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. <br> _____/ | No. C-01-1780 CRB (EMC) <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY DISCOVERY PENDING NINTH CIRCUIT APPEAL (No. 234)** |

      On March 19, 2002, defendants California Department of Education, *et al.* ("Defendants") appealed the District Court's preliminary injunction. Said appeal is being considered by the Ninth Circuit on an expedited schedule. The parties filed their briefs on June 28, 2002, and oral argument is scheduled before the Ninth Circuit on August 14, 2002.

      On June 13, 2002, plaintiffs Juleus Chapman, *et al.* ("Plaintiffs") served a notice under Federal Rule of Civil Procedure 30(b)(6) to depose a person most knowledgeable from defendant California Department of Education about its apparent designation that transcribers and spell-checking devices be disallowed "accommodations" thus now constituting "modifications." On July 18, 2002, Defendants filed a Motion to Stay Discovery Pending Ninth Circuit Appeal.

      The Court, having reviewed the briefs, supporting documentation and record in this case, as well as having heard the argument of counsel at the July 31, 2002 hearing, makes the following determinations:

**1.**      <u>**The District Court Retains Jurisdiction of This Case**</u>

1    The filing of an appeal from a preliminary injunction does not divest the district court of jurisdiction. 
2 The district court may supervise compliance with the injunction and can modify it in consideration of new 
3 facts or changed circumstances.  See A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 
4 2002) (citations omitted).  See also Sycuan Band of Mission Indians v. Roache, 788 F.Supp. 1498, 1511 
5 (S.D. Cal. 1992).  Indeed, courts have held that the district court may also issue further relief, including a 
6 permanent injunction that affirms the preliminary injunction.  See, e.g., Moltan Co. v. Eagle-Pichur Indus., 
7 Inc., 55 F.3d 1171, 1174 (6th Cir. 1995); Railway Labor Executives Assoc. v. City of Galveston, 898 
8 F.2d 481, 481 (5th Cir. 1990); Thomas v. Board of Educ., 607 F.2d 1043, 1047 n.7 (2d Cir. 1979), cert. 
9 denied, 444 U.S. 1081 (1980); United States v. City of Chicago, 534 F.2d 708, 711 (7th Cir. 1976). 
10 Defendants have cited no case holding that appeal from a preliminary injunction divests the district court of 
11 jurisdiction and thus mandates a stay of all discovery.

12   Here, Plaintiffs seek discovery which may be material to enforcement or modification of the 
13 preliminary injunction given what they consider to be a substantial change in California Department of 
14 Education policy which could harm members of the class.  Inasmuch as the District Court has jurisdiction to 
15 modify the preliminary injunction, it has jurisdiction to control discovery in relation thereto.

17 **2.    Rule 27(b) is Inapplicable to the Requested Deposition**

18   Discovery under Rule 27(b) is intended to perpetuate testimony in cases when plaintiffs are unable 
19 to bring an action or conduct discovery because, inter alia, the district court is otherwise divested of 
20 jurisdiction because of an appeal of a judgment.  See Petition of Ernst, 2 F.R.D. 447, 451 (S.D. Cal. 
21 1942).  It generally applies to entry of final judgments.  See 6 Moore's Federal Practice  § 27.30 [2] 
22 (Matthew Bender 3d ed. 1997) ("Rule 27(b) is intended for use after entry of judgment.  Rule 27(b) is not 
23 available in a pending suit simply because an interlocutory ruling is on appeal.").  While it may also apply to 
24 other orders appeals from which result in a divestiture of district court jurisdiction, this Court's holding 
25 above that the preliminary injunction appeal does not divest the District Court's jurisdiction obviates the 
26 applicability of Rule 27(b).  Given the finding that the District Court retains full jurisdiction over discovery 
27 related to its enforcement or potential modification of the preliminary injunction, it makes no sense to apply 
28 the strictures of Rule 27(b) to discovery.

### 3. **Defendants Have Not Demonstrated Good Cause to Stay Discovery**

The issue therefore is not a matter of jurisdiction but whether there is good cause to stay discovery under Rule 26(c). Rule 26(c) provides that upon motion and for good cause shown, a court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a stay of discovery carries the burden of making a "strong showing" why discovery should be denied. See Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990), citing, Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements. Gray, 133 F.R.D. at 40.

Aside from asserting broad concerns of judicial economy, Defendants have not specifically shown that holding a single one day deposition prior to the hearings before the Ninth Circuit is unduly burdensome. The Court recognizes that the Ninth Circuit's ruling might impact crucial issues in the case, but until the Ninth Circuit has made such a determination, the District Court may continue to address the underlying merits of the case. See Gray, 133 F.R.D. at 40 (finding good cause for stay of discovery was not shown by defendants' conclusory arguments that their motions to dismiss would succeed and that plaintiff class would not be certified). That the discovery sought might be entirely obviated by the Ninth Circuit not only requires speculation as to what it will do relative to Plaintiffs' IDEA claim at appeal, it also ignores the fact that Plaintiffs have pending before the District Court other legal claims which are not the subject of the pending injunction appeal. Hence, the argument for judicial economy is insubstantial. So is Defendants' claim of burden. Devoting one attorney from the Attorney General's office to a one-day deposition will not interfere with that office's ability to prepare for the August 14, 2002 oral argument.

In contrast, Plaintiffs have shown a specific and particularized need for this deposition. Plaintiffs request the deposition to determine whether Defendants are complying with the preliminary injunction and whether the injunction should be modified prior to the September 2002 administration of the CAHSEE. Plaintiffs also assert that the deposition might be used to supplement the record before the Ninth Circuit. The Court finds these reasons sufficient to allow the requested deposition to proceed, particularly in light of the virtually non-existent burden imposed thereby on Defendants.

Defendants' Motion to Stay Discovery Pending Ninth Circuit Appeal (Docket No. 234) is **DENIED WITHOUT PREJUDICE**. The requested deposition shall take place on or before August 9, 2002. Documents requested as part of that deposition notice shall be produced at or before the deposition. Defendants shall have the right to renew this motion should Plaintiffs seek to propound burdensome discovery prior to the Ninth Circuit's ruling on the preliminary injunction appeal.

IT IS SO ORDERED.

Dated: August 1, 2002

/s/
EDWARD M. CHEN
United States Magistrate Judge